Jones, J.
(concurring). I agree that there should be an affirmance, but on the limited ground that in this case there was no vacancy within the meaning of subdivision 3 of section 2510 of the Education Law to give rise to the application of that subdivision. I reach that conclusion for precisely the reasons articulated in the majority opinion.
Inasmuch as this appeal can properly be disposed of on the ground that no vacancy existed to trigger the application of subdivision 3 of section 2510, I perceive no necessity to address the further question as to whether the benefits of that subdivision extend to individuals who have lost their position for reasons other than abolition or consolidation of the position. The Commissioner of Education, charged with responsibility for administration of this and related statutory provisions, expressly held in 1969 that the benefits of the statute were not restricted to instances where a position was abolished or consolidated (Matter of Fitzgibbons, 8 Ed Dept Rep 205). This construction has subsequently been followed by him.
Although I must confess to some doubt as to whether the commissioner’s construction is not erroneous in view of the language of subdivision 3, I think it inappropriate and unwise categorically to reject the commissioner’s construction of the statute in a case in which we have not had the benefit of an exposition of the commissioner’s position and it is not necessary to reach the issue to resolve the case. Not only are we unacquainted with the reasoning which lies behind the commissioner’s determination, but we have no measure of the outstanding instances in which boards of education, teachers and others may have acted in good faith reliance on the rulings or guidance of the commissioner. We have no way of knowing what ripple effects our decision may occasion. The circumstance that the parties may have vigorously contested the issue in their arguments made to us in no way obligates us in the circumstances of this case to indulge in the resolution of a question that it is not only unnecessary but unwise for us to reach.
Chief Judge Cooke and Judges Gabrielli, Wachtler, *861 Fuchsberg and Meyer concur in memorandum; Judges Jasen and Jones concur in separate concurring opinions.
Order affirmed.